| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **JOHN DOUGLAS BIRD, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#26) and a first Addendum Violation Report (#27) and a Second Addendum Violation Report (#28), all alleging that Defendant has violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Attorney David Belser, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report, the first Addendum to Violation Report and the Second Addendum to Violation Report.

The Government introduced, without objection, the Violation Reports into evidence.

It was alleged in a Petition (#18) filed on February 18, 2014 that Defendant had violated terms and conditions of his supervised release. A hearing was held in regard to the detention of Defendant on March 14, 2014 and on that date the undersigned entered an Order (#26) releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(y) That by Tuesday March 25, 2014 the defendant is to present to U.S. Probation Officer Mark Corbin in his office, documentation that he has went for the assessment and evaluation and thereafter every Tuesday he must bring documentation to show his progress of his treatment. If the defendant misses one treatment it is to be reported back as a violation. The defendant also is not to strike or assault anyone while on release.

8(j) Defendant to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the

investigation or prosecution, including the victims Darlene Lossiah and Lena Wilson.

8(o)   That defendant refrain from any use of alcohol.

Defendant violated the condition of supervision that required that he obtain domestic violence treatment. Defendant was to begin treatment on March 24, 2014 and Defendant did not do so and did further not report to the United States Probation Office on Tuesday, March 25, 2014.

On March 14, 2014, Defendant went to the home of the victim Darlene Lossiah and at that time had in his possession a firearm. Defendant retrieved a baseball bat and inflicted personal property damage on the vehicle of Ms. Lossiah. On April 15, 2014, Defendant was arrested by U.S. Marshals at the residence of Darlene Lossiah who is a victim in this case and is a person whom Defendant was not to be in contact with, directly or indirectly. On April 15, 2014 Defendant was arrested and was found to be under the influence of alcohol and when tested had a .30 blood alcohol content.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)    finds that there is----
       (A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or

      (B) clear and convincing evidence that the person has violated any other condition of release; and

(2)    finds that ---

      (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

      (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the admission of Defendant, the undersigned finds by clear and convincing evidence that Defendant has violated terms and conditions of his supervised release. Defendant did not comply with the terms of supervised release which required he attend domestic violence treatment on March 24, 2014 and did not report to the United States Probation Office on March 25, 2014 as he had been directed to so. The Defendant further violated the terms and conditions of release by being in contact with the victim Darlene Lossiah by coming to her home on the evening of March 14, 2014 with a firearm and then taking a baseball bat inflicting property damage upon Ms. Lossiah's vehicle. Defendant further violated terms and conditions of prehearing release by being in the presence of Darlene Lossiah on April 15, 2014. Lastly, Defendant clearly and convincingly violated the terms

and conditions of release that required that he refrain from any use of alcohol when at the time he was arrested on April 15, 2014 he was found to have a .30 blood alcohol content.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there are no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: April 24, 2014

Dennis L. Howell
United States Magistrate Judge